UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BONNIE SHEELER, | ) | CIV. 08-4093-AWB |
| | ) | CR. 06-40022-02 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | ) | AND DENYING IN PART MOTION |
| | ) | TO VACATE SENTENCE |
| Respondent. | ) | |

Petitioner filed a motion vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Docket 92. The Government responded to this motion, and the Court referred this matter to Magistrate Judge Veronica L. Duffy for a report and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Duffy issued her recommendations based on the pleadings on October 27, 2008. Docket 103. Petitioner has filed objections to the report and recommendations. Docket 108. The matter is now ripe for disposition, and the Court takes it up below.

### FACTUAL BACKGROUND

On July 28, 2006, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 47. She was sentenced to sixty months in prison on October 10, 2006. Docket 69. Petitioner appealed her conviction, arguing that two co-conspirator statements were wrongfully admitted into

evidence. The Eighth Circuit Court of Appeals affirmed the judgment, and her request for reconsideration en banc was denied. See United States v. Sheeler, 2007 WL 1933927 (8th Cir. 2007).

Petitioner filed her petition under 28 U.S.C. § 2255 on June 20, 2008. Docket 92. Petitioner makes many claims for relief, challenging the evidence admitted at the trial, the sufficiency of the evidence, the verdict form, errors in the court's delineation of co-defendants, errors in calculating her criminal history and offense level, failure to apply the safety valve, and her attorney's representation. Upon referral from this Court, Magistrate Judge Veronica L. Duffy issued a report and recommendations, recommending denial of all of Petitioner's claims except two claims which she believed could not be resolved on the face of the pleadings. Docket 103. Accordingly, the magistrate judge set an evidentiary hearing for resolution of these remaining two claims. Regarding the rest of the claims, the magistrate judge issued a report and recommendation, which the Court takes up in turn.

**STANDARD OF REVIEW**

28 U.S.C. § 636(b)(1)(B) permits a magistrate judge to submit proposed findings and recommendations regarding "applications for posttrial relief made by individuals convicted of criminal offenses." Parties may file objections to the proposed findings and recommendations, and the court shall then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1)(C).  Petitioner has filed objections to the magistrate judge's report and recommendations, which the Court discusses below.

## DISCUSSION

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal.  United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001).  When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the petitioner has shown either actual innocence or that the procedural default should be excused because there was both cause for the default and prejudice to the petitioner.  McNeal, 249 F.3d at 749.  The Court finds that Petitioner has not met the standard for showing actual innocence.  See United States v. Johnson, 278 F.3d 839, 844-45 (8th Cir. 2002) (stating that a showing of actual innocence requires a showing that it is more likely than not that "no reasonable juror would have convicted him").  Therefore, Petitioner must show both cause for why she failed to raise these issues on direct appeal as well as actual prejudice caused by these errors.  Ineffective assistance of counsel may be sufficient to demonstrate cause and prejudice to excuse a procedural default.  Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005).

In this case, Petitioner raised only one ground for relief on appeal - the admission of co-conspirator statements.  See United States v. Sheeler, 2007 WL

1933927 (8th Cir. 2007). In her § 2255 petition, Petitioner claims that it was her attorney's decision to appeal only this issue and that he refused to appeal any other claims. Docket 92, pages 5, 6, 7, 9, 10, 11. Because each of Petitioner's claims is procedurally defaulted since she did not include them in the direct appeal of her case, this Court's analysis of each claim must begin with a determination of whether her counsel provided ineffective assistance of counsel in refusing to appeal these issues. Only if the Court concludes that counsel was constitutionally defective in refusing to appeal can the procedural default be excused and the Court consider the merits of Petitioner's specific claims. See Becht, 403 F.3d at 545 (stating that "[t]o establish ineffective assistance of counsel, both as an independent claim and as cause and prejudice to excuse a procedural default," the Court must conduct a Strickland analysis). Thus, the Court, like the magistrate judge, first analyzes each of Petitioner's claim under the standard for ineffective assistance of counsel as dictated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If it determines that defense counsel provided ineffective assistance of counsel in refusing to appeal the issue, only then is the procedural default excused and can the Court thoroughly consider the merits of the underlying claim offered by Petitioner.

**A. Admission of the Western Union receipts**

In her petition, Petitioner stated that it was improper for the Court to admit seven Western Union documents on which her name was spelled

incorrectly and which did not include a signature, and when it was Western Union policy to not require identification from senders. Petitioner argues that the Government failed to provide sufficient evidence that these documents were tied to her. The magistrate judge concluded that a failure to appeal the admission of these documents did not provide the prejudice required by Strickland, since these documents were relevant and admissible despite the misspellings, the absence of signatures, and the lack of identification required by Western Union, and since the record was full of other evidence of Petitioner's participation in the conspiracy. Docket 103, pages 12-15. Petitioner objected to this finding. Docket 108, page 5-7.

The Court has conducted a de novo review of the report and recommendations issued by Magistrate Judge Duffy, pursuant to 28 U.S.C. § 636(b)(1). After reviewing the facts and the law as it relates to this case, as well as the objections made by Defendant, the Court adopts the recommendations issued by Magistrate Judge Duffy and determines that Petitioner's counsel was not constitutionally defective in failing to appeal the admission of the Western Union documents. The Court believes that these documents are admissible under the Federal Rules of Evidence as both relevant and properly authenticated, and, thus, failure to appeal their admission does not constitute ineffective assistance of counsel. As this claim is procedurally defaulted, relief is denied.

## B. Sufficiency of the Evidence

Petitioner contends that the evidence was insufficient to prove that she knowingly or intentionally agreed to join, further, or help the conspiracy succeed.  Docket 92, page 18-19.  The magistrate judge concluded that even if Petitioner had filed this issue on appeal, the deferential review by the appeals court would likely have affirmed the conviction in light of the evidence against her.  Docket 103, page 15-16.  Thus, concluded the magistrate judge, there was no prejudice to Petitioner under Strickland and this claim is procedurally defaulted.  Petitioner objects to this finding.  Docket 108, page 6-7 (addressing Michael Hedman's testimony, which the magistrate judge stated was "sufficient evidence from which a reasonable jury could have concluded that Ms. Sheeler knowingly and intentionally joined the conspiracy").  Petitioner argues that "by removing the western union exhibits and Mr. Hedmans [sic] opinion based testimony, no reasonable jury could have concluded that Ms. Sheeler was involved in the conspiracy."  Docket 108, pages 9-10.

After conducting a de novo review of this issue, the Court adopts the recommendation of the magistrate judge.  The Court agrees with the magistrate judge that failure to argue on appeal that the evidence was not sufficient to sustain a conviction did not constitute ineffective assistance of counsel.  On appellate review, such a claim is not likely to be successful, given the deferential standard of reviewing the verdict.  See United States v. Pruneda, 518 F.3d 597, 605 (8th Cir. 2008) (stating that reversal is warranted only if "no

reasonable jury could have found the defendant guilty beyond a reasonable doubt"). Regardless of Petitioner's claim that Hedman's testimony was "purely assumption and speculation" and "opinion based testimony," this testimony appears to be admissible evidence under the Federal Rules. For these reasons, the Court concludes an appeal based on the sufficiency of the evidence would fail. Thus, this claim is procedurally defaulted, and relief on its ground is denied.

**C. Improper Verdict Form**

Next, Petitioner argues that the verdict form was improper, since it "did not give the jury a choice to acquit or find not guilty of entire conspiracy." Docket 92, page 20. The magistrate judge concluded that failure to appeal this issue did not constitute prejudice under Strickland, since the verdict form did provide an opportunity for the jury to find Petitioner not guilty. Docket 103, page 16-17. Thus the claim is procedurally defaulted and did not warrant relief. Petitioner objected to this conclusion. Docket 108, page 10.

The Court has conducted a de novo review of this claim and the relevant arguments and authorities, and it adopts the magistrate judge's recommendation to deny relief on this basis. This claim is procedurally defaulted, as Petitioner cannot show that she was prejudiced by her attorney's failure to appeal this issue given that the verdict form was proper. See Eighth Circuit Manual of Model Jury Instructions, Criminal § 6.21.841A.1(a) (2007). Thus, Petitioner is not entitled to relief on these grounds.

**D.  Sentencing**

Petitioner raises several arguments related to her sentencing hearing and her sentence of 60 months.  These are discussed below.

### 1. Independent finding as to start of conspiracy and amount of controlled substance

Petitioner argues that the Court erred "by not defining defendants [sic] individual scope of involvement, both by determining commencement date and drug weight attributable to defendant."  Docket 92, page 21.  The magistrate judge determined that failure to appeal this issue did not constitute ineffective assistance of counsel.  Docket 103, page 17-21.  Petitioner objected to this finding.  Docket 108, page 10-11.

After conducting a de novo review of this issue, the Court agrees that defense counsel was not constitutionally deficient for failing to appeal this issue.  The court agrees with the magistrate judge that the questions of Petitioner's involvement in the conspiracy, including the starting date of her involvement and the amount of drugs for which she was held responsible, were properly decided by the jury.  Thus, the district court did not err in that regard.  Since this issue is procedurally defaulted and this default is not excused by ineffective assistance of counsel, relief on its ground is denied.

### 2. Error in calculating criminal history

Petitioner next argues that the district court erred in calculating her criminal history as Category II, based on a 1992 drug paraphernalia charge

8

and a 1997 charge of driving under the influence.  Docket 92, pages 23, 37-39.  The magistrate court determined that any errors in defense counsel's failure to appeal this sentencing issue were not prejudicial to Petitioner, and therefore denial of this claim of relief was recommended.  Docket 103, page 22-23.  Petitioner objected to this finding and recommendation.  Docket 108, page 11-12.

After reviewing the facts and the law as it relates to this case, as well as the objections made by Defendant, the Court adopts the recommendation of the magistrate judge and finds that Petitioner's counsel was not constitutionally defective in failing to appeal the application of criminal history Category II.  First, the Court notes that, ordinarily, challenges to application of the sentencing guidelines do not present a question under § 2255.  United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000) (listing three exceptions).  Second, the Court believes that the evidence was sufficient to conclude that these crimes in 1992 and 1997 took place within ten years of the offense conduct.  While Petitioner cites several cases for the proposition that a district court *may* reduce the offense level when applying the sentencing guidelines, the Court does not believe that a court *must* do so such that failure to reduce the offense level would be successful upon appeal.  See United States v. Gregor, 339 F.3d 666, 669 (8th Cir. 2003); Sentencing Guidelines § 4A1.3(b) (2006 version).  The Court concludes that failure to appeal this issue did not rise to the level of ineffective assistance of counsel, as counsel's conduct was not

9

deficient nor was Petitioner sufficiently prejudiced by the failure to appeal.  See Strickland, 466 U.S. at 687-95.  Therefore, relief on this ground is denied.

### 3. Failure to apply the safety valve

Petitioner next argues that the "safety valve" found in 18 U.S.C. 3553(f) and Sentencing Guidelines 5C1.2 should have been available to her to permit a sentence below the mandatory minimum of five years.  Docket 92, page 24, 40-43.  The magistrate judge concluded that failure to appeal the sentence on this ground was not ineffective assistance of counsel, and therefore relief was not warranted.  Docket 23, page 32-33.   Petitioner objected to that finding.  Docket 108, page 13-15.

The Court has conducted a de novo review of this issue and has reviewed all of the relevant factual arguments and legal authority, and it adopts the magistrate judge's recommendation.  The Court believes that defense counsel's failure to appeal the sentence on the grounds that the court should have applied the safety valve does not rise to the level of ineffective assistance of counsel; therefore, this claim is procedurally defaulted.  The Court has already decided that the assignment of criminal history Category II was not improper, and it similarly does not believe that the appeals court would have found Petitioner eligible for the safety valve, both because of the criminal history category and because of Petitioner's lack of cooperation with the government.  As the magistrate judge stated, it does not appear that Petitioner's decision to go to trial prevented the application of the safety valve.  Instead, the Court

believes that the safety valve was unavailable for the proper reason that Petitioner did not meet sufficiently cooperate with the Government under the requirements of 18 U.S.C. § 3553(f)(5).  See United States v. Alvarado-Rivera, 412 F.3d 942, 948 (8th Cir. 2005) (upholding withholding of safety valve when defendants "made limited admissions in the face of evidence implicating them in major drug activity"); United States v. Tournier, 171 F.3d 645, 647 (8th Cir. 1999).  Thus, the Court finds that failure to appeal this issue was not improper, the claim is therefore procedurally defaulted, and relief on this ground is denied.

### 4. Mitigating Role in Offense

Petitioner argues that the sentencing judge should have decreased her offense level by four levels because she was a "minimal participant" under Sentencing Guidelines § 3B1.1(a).  Docket 92, page 25.  Instead, the sentencing judge decreased her offense level two levels for being a "minor participant."  The magistrate judge concluded that failure to appeal this issue was not ineffective assistance of counsel, as Petitioner could not demonstrate that she was prejudiced by the failure to appeal given the 60-month mandatory minimum that applied to her case.  Docket 103, page 26-27.  Petitioner objects to this finding.  Docket 108, page 16.

The Court has conducted a de novo review of this issue, consulting relevant caselaw and reviewing Petitioner's arguments and objections, and it adopts the magistrate judge's recommendation.  Like the magistrate judge, the

Court believes that defense counsel's failure to appeal this issue is not sufficiently prejudicial to Petitioner to excuse the procedural default, since there is not a "reasonable probability that . . . the result of the proceeding would have been different."  See Strickland, 466 U.S. at 694.  Thus, relief on this ground is similarly denied.

### 5. Ineffective assistance of counsel by Mr. Schlimgen

Petitioner claims that her attorney's representation violated her right to an attorney when he failed to file a direct appeal on the grounds she desired. Docket 92, page 26, 46.  The magistrate judge concluded that these allegations of ineffective assistance of counsel do not rise to the level required by Strickland.  Docket 103, page 27.  Petitioner objects to this finding.  Docket 103, page 17.

The Court has conducted a de novo review of Petitioner's allegations regarding her attorney, as well as relevant caselaw, factual arguments, and her objections.  The Court concludes that Petitioner's claim for relief on this issue must be denied.  As stated above, the Court has concluded that in some way or another, all of Petitioner's claims fail to meet the stringent test in Strickland for ineffective assistance of counsel.  Therefore, Petitioner cannot show that her constitutional right to counsel was infringed during Schlimgen's representation of her, and her claim is denied.

**6. Ineffective assistance of counsel by Mr. Hanson**

Petitioner makes several claims against Hanson alleging that his conduct amounted to ineffective assistance of counsel such that her constitutional right to an attorney was violated.  Docket 92, page 26, 45-46.  Specifically, Petitioner challenges Hansons' stipulation regarding the Western Union documents, Hanson's refusal to introduce into evidence a letter from Ken Heiser, a general lack of effort by Hanson after Petitioner told him she did not want to plead guilty, and Hanson's failure to object to the government's motion in limine regarding information of punishment. The magistrate judge concluded that each of these grounds was insufficient to demonstrate ineffective assistance of counsel.  Docket 103, page 28-29.  The Petitioner objected to each of these conclusions except the one referencing the government's motion in limine. Docket 108, page 18-19.

The Court has carefully reviewed the allegations of Petitioner, the magistrate judge's conclusions and recommendations, relevant caselaw, and Petitioner's objections, and after this de novo review it adopts the magistrate judge's recommendations.  Again, the Court does not believe that any of these allegations against Hanson rises to the level of ineffective assistance of counsel under <u>Strickland</u>.  Therefore, relief on these grounds is not warranted, and Petitioner's motion on these grounds is denied.

The magistrate judge concluded that she could not make a recommendation regarding two allegations against Hanson based on the record

13

as it stands.  These include whether or not Hanson was providing ineffective assistance of counsel when he failed to object to the Government's motion in limine regarding references to innocence or guilt or when he refused to call Antonio Gonzalez to testify about Petitioner's lack of involvement in the crime. Docket 103, page 29-31.  The Court concurs that a determination of these claims cannot be conducted based on the existing record. Consequently, the magistrate judge will conduct an evidentiary hearing on these remaining matters before issuing corresponding recommendations.  The Court will make its ruling upon receipt of the magistrate judge's report.

    For the reasons stated above, the Court adopts the magistrate judge's report and recommendations in full with regard to the claims discussed above. Further, it denies Petitioner's motion to vacate, set aside, or correct her sentence with regard to the claims discussed above.  As for the remaining claims, the Court will rule on those once they have been thoroughly investigated by the magistrate judge.

Therefore, it is hereby

ORDERED that the magistrate judge's report and recommendation, Docket 103, is ADOPTED IN FULL, except as to the two claims which the magistrate judge is continuing to investigate.

Dated December 1, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE